■ Nataki Culpepper, Respondent, v Randy Express Cab Corp. et al., Appellants. [987 NYS2d 186]—

In an action to recover damages for personal injuries, the defendants Randy Express Cab Corp. and Nzian Yao appeal, and the defendant Samantha Campbell separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated January 8, 2013, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine (*see generally Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court properly denied both motions for summary judgment dismissing the complaint insofar as asserted against each of the defendants. Rivera, J.P., Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.